803 F.2d 714
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
T. Watson Rakestraw, Appellant
v.
Rockingham County Board of Education; Richard H. Schultz,
individually and in his capacity as Superintendent,
Rockingham County Schools; Kenneth M. Vaughn, individually
and in his capacity as Chairman of the Rockingham County
Board of Education; David J. Baughn, individually and as a
member of the Rockingham County Board of Education; Leonard
Pryor, individually and as a member of the Rockingham County
Board of Education; Hazel P. Russell, individually and as a
member of the Rockingham County Board of Education and Paul
Wayne Sexton, individually and as a member of the Rockingham
County Board of Education, Appellees.
 No. 86-3521.
 United States Court of Appeals, Fourth Circuit.
 Argued July 16, 1986.
Decided Oct. 7, 1986.
 
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 John R. Kernodle, Jr. (Smith, Patterson, Follin, Curtis, James & Harkavy on brief) for Appellant. Fred T. Hamlet (Albert J. Post; Lindsay R. Davis, Jr.; Nichols, Caffrey, Hill, Evans & Murrelle on brief) for Appellees.
 
 PER CURIAM:
 
 2
 T. Watson Rakestraw appeals a summary judgment dismissing an action that he brought under 42 U.S.C. Sec. 1983 against the Rockingham County Board of Education and the superintendent of schools.
 
 
 3
 The district court's opinion fully sets forth the facts. Briefly, Rakestraw, who was also chairman of the county Board of Supervisors, claimed that his views as a supervisor on matters pertaining to the school system caused the school board and the superintendent to subject him to adverse personnel actions. He also protested that they deprived him of procedural due process.
 
 
 4
 Upon consideration of the affidavits and briefs filed by both parties the district court properly found no genuine issue as to any material fact. Applying the principles explained in Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977), Pickering v. Board of Education, 391 U.S. 563 (1968), and related cases, the district court held that the board and the superintendent did not infringe Rakestraw's constitutional right to speak out on matters of public importance.
 
 
 5
 The district court did not err in ruling that the proof conclusively established that the board and the superintendent did not deprive Rakestraw of procedural due process.
 
 
 6
 We affirm for reasons adequately stated by the district court. Rakestraw v. Rockingham County Board of Education, Civ. No. C-84-1169G (M.D.N.C., Jan. 30, 1986).